1   SEYFARTH SHAW LLP
    William J. Dritsas (State Bar No. 097523)
2   Andrew M. McNaught (State Bar No. 209093)
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    TURNER CONSTRUCTION COMPANY
6

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  MELINDA GALARSA,                    )   USDC Case No. _____
                                        )
12          Plaintiff,                  )   Superior Court of County of Alameda Case
                                        )   No. RG07316544
13  vs.                                 )
                                        )   **DEFENDANT TURNER**
14  GALLETTI & SONS, INC., TURNER       )   **CONSTRUCTION COMPANY'S**
    CONSTRUCTION COMPANY, DAVID         )   **NOTICE OF REMOVAL OF CIVIL**
15  SANDOVAL, and DOES 1 through 10,    )   **ACTION TO UNITED STATES**
    Inclusive,                          )   **DISTRICT COURT**
16                                      )
            Defendants.                 )
17  _____)

18

19          **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

20  **DISTRICT OF CALIFORNIA:**

21          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446,

22  Defendant TURNER CONSTRUCTION COMPANY ("Defendant") hereby removes the above-

23  captioned action from the Superior Court of California in and for the County of Alameda to the

24  United States District Court for the Northern District of California.

25          1.      **JURISDICTION**        This Court has original jurisdiction over this action under

26  28 U.S.C. § 1331 because the action arises under the laws of the United States of America.  In

27  support of this removal, Defendant makes the following showing.

28

                                             1

1    2.    Defendant is informed and believes that on or about March 20, 2007, plaintiff
2  MELINDA GALARSA ("Plaintiff") filed a Complaint for Damages (the "Complaint") in the
3  Superior Court of California in and for the County of Alameda, titled "MELINDA GALARSA v.
4  GALLETTI & SONS, INC. ("Galletti"); TURNER CONSTRUCTION CO. ("Turner"); DAVID
5  SANDOVAL ("Sandoval"); and DOES 1 to 10, inclusive," Case No. RG07316544. The
6  Complaint purports to allege causes of action for (1) discrimination; (2) harassment; (3)
7  retaliation; and (4) intentional infliction of emotional distress.

8    3.    Turner was served with the Complaint on March 30, 2007. Galletti was served on
9  March 29, 2007. Sandoval has not been served. This Notice of Removal is filed within 30 days
10  of service of the Complaint on Defendants. Thus, removal is timely pursuant to 28 U.S.C. §
11  1446(b) and Federal Rule of Civil Procedure 6(a). *See also Murphy Bros., Inc. v. Michetti Pipe*
12  *Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is timely if made within 30 days after
13  complaint is served on defendant). Copies of all process, pleadings, notices and orders served
14  upon Defendants in this action, including the Complaint, are attached as Exhibit A hereto.

15    4.    Galletti filed its answer to the Complaint in the Superior Court of California,
16  Alameda County, on April 24, 2007. A copy of that answer is attached hereto as Exhibit B.

17    5.    Turner filed its Answer to the Complaint in the Superior Court of California,
18  Alameda County on April 30, 2007. A copy of that answer is attached hereto as Exhibit C.

19    6.    This is a civil action of which this Court has original jurisdiction pursuant to 28
20  U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to 28
21  U.S.C. § 1441(a) and (b), in that it is a civil action which arises under the laws of the United
22  States of America.

23    7.    Plaintiff's claims arise out of her employment with defendant Galletti as a
24  subcontractor on a project managed by Turner. As an employee of Galletti, Plaintiff is covered
25  by a master collective bargaining agreement ("CBA") governing the terms and conditions of her
26  employment. Turner is a signatory to that CBA. The agreement was entered into by Defendants
27  and Plaintiff's collective bargaining representative, Carpenter's 46 Northern California Counties
28  Conference Board (the "Union"), a labor organization within the meaning of

2

1  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"). The

2  CBA was in full force and effect during the time period relevant to the Complaint.

3      8.      Plaintiff alleges statutory claims under the California Fair Employment &

4  Housing Act ("FEHA") for sexual harassment, discrimination, failure to prevent discrimination

5  and harassment, and retaliation. Plaintiff also asserts a tort claim for Intentional Infliction of

6  Emotional Distress ("IIED"), (Complaint, ¶¶ 60-64), which incorporates all allegations set forth

7  in paragraphs 1 through 59 of the Complaint.

8      9.      Plaintiff's Complaint makes no reference to the fact that Plaintiff is a member of

9  the Union, nor does it mention that the terms and conditions of Plaintiff's employment with

10  Galletti & Sons, Inc. are governed by the CBA. The Complaint makes no reference at all to the

11  Union or the CBA.

12      10.     Plaintiff's claims are central to, inextricably intertwined with, and substantially

13  dependent upon an interpretation of the terms of the CBA. Subsection (a) of Section 301 states:

14  
15  
16  
17  
18  
> Suits for **violation of contracts between an employer and a**
> **labor organization** representing employees in an industry
> affecting commerce as defined in this chapter, or between any such
> labor organizations, **may be brought in any district court of the**
> **United States having jurisdiction of the parties**, without respect
> to the amount in controversy or without regard to the citizenship of
> the parties. (Emphasis added.)

19  Therefore, her claims must necessarily require interpretation of the CBA. Because her lawsuit

20  alleges a "violation of [a] contract[] between an employer and a labor organization," this Court

21  has original jurisdiction.

22      11.     Plaintiff's claims address, concern, and pertain directly to rights and obligations

23  which arise from the CBA itself, and therefore cannot be evaluated without considering the

24  provisions of the CBA. Hence, the claims arise under, and are preempted by, Section 301. *See,*

25  *e.g.*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (where evaluation of state law

26  claim is "inextricably intertwined" with the terms of a collective bargaining agreement, such

27  claim actually arises under federal labor law and is preempted).

28

1    12.    Plaintiff alleges that in retaliation for reporting unlawful conduct, she was
2    "singled out for reprimand for safety issues, which other people, who had not opposed unlawful
3    conduct, were not reprimanded for; Plaintiff was forced to wear additional safety gear that others
4    were not required to wear…." (Complaint, ¶ 21).  Plaintiff further alleges that she was retaliated
5    against by being transferred to a different work location. (Complaint, ¶ 55). These allegations
6    are incorporated by reference into Plaintiff's IIED cause of action. (Complaint, ¶ 60). Plaintiff's
7    IIED claim is preempted under section 301(a) because it is dependent on an analysis of the CBA,
8    specifically its clauses addressing safety issues and job transfer and assignment issues.
9    *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149-50 (9th Cir. 1988) (emotional distress
10    claim preempted; claim dependent on whether employer's conduct was justified, which required
11    analysis of collective bargaining agreement).  Plaintiff's IIED claim, which incorporates by
12    reference all of her statutory discrimination and harassment claims (Complaint, ¶ 60), is also
13    dependent on interpretation of the CBA's non-discrimination clause.  The IIED claim is
14    preempted on that basis, as well.  It is well-settled that Federal labor law preempts common law
15    tort claims requiring interpretation of a CBA. See e.g., *Stikes v. Chevron U.S.A., Inc.,* 914 F.2d
16    1265, 1268-71 (9th Cir. 1990); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1287 (9th
17    Cir. 1989).

18    13.    Because Plaintiff's claim is pleaded in terms of state law but in fact requires
19    interpretation of the CBA, the Court must recharacterize it as arising under Section 301.  Plaintiff
20    may not conceal the federal character of her claims by "artfully pleading" them in state law
21    terms.  See, e.g., *Allis-Chalmers Corp.*, 471 U.S. at 210-11; *Young v. Anthony's Fish Grottos,*
22    *Inc.*, 830 F.2d 993, 999 (9th Cir. 1987) ("[t]he key to determining the scope of preemption is not
23    how the complaint is cast, but whether the claims can be resolved only by referring to the terms
24    of the collective bargaining agreement").  As Plaintiff's claims arise under federal labor law,
25    which preempts any collateral state law claims based on the same facts, this Court has original
26    jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C.
27    §§ 1441 and 1446. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987); *Newberry*,
28    854 F.2d at 1146.

4

14.    Even if this Court determines that as few as one of Plaintiff's claims is preempted by Section 301, Plaintiff's remaining claims are still within this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), as they relate to and emanate from the same facts and transactions underlying Plaintiff's preempted claim, thus forming part of the same "case or controversy."  See, e.g., *Jackson v. Southern Cal. Gas Co.,* 881 F.2d 638, 642 (9th Cir. 1989); *Nishimoto v. Federman-Bachrach & Associates,* 903 F.2d 709 (9th Cir. 1990) (removal is proper even where state law claims also exist).  Accordingly, by virtue of 28 U.S.C. § 1441, Defendants are entitled to remove all of Plaintiff's claims to this Court.

15.    **VENUE/INTRADISTRICT ASSIGNMENT:**  Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this District.  Pursuant to Civil Local Rule 3-2(c) and (d), this case should be assigned to the San Francisco or Oakland Division of this Court, as a substantial part of the alleged events giving rise to the case are alleged to have occurred in the County of Alameda.  (Complaint, ¶ 1.)

16.    Both defendants who have been served in this case join in this removal.

17.    Defendants will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of California in and for the County of Alameda.  This Notice of Removal is concurrently being served on all other parties.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of California in and for the County of Alameda to this Court.

DATED: April 30 2007                                    SEYFARTH SHAW LLP

By_____
William J. Dritsas
Andrew M. McNaught

Attorneys for Defendant
TURNER CONSTRUCTION COMPANY

SF1 28282854.1 / 36891-000007

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# EXHIBIT A

1  EMILE A. DAVIS, ESQ. – BAR NO. 208394
   JENNIFER S. PRUSAK, ESQ. – BAR NO. 226889
2  WINER, McKENNA & DAVIS, LLP
        THE ORDWAY BUILDING
3    ONE KAISER PLAZA, SUITE 1450
     OAKLAND, CALIFORNIA 94612
4        Tel (510) 433-1000
         Fax (501) 433-1001
5
   Attorneys for Plaintiff, MELINDA GALARSA
6

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 0 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10  MELINDA GALARSA,                    CASE NO. RG07318544

11          Plaintiff,                  **COMPLAINT FOR DAMAGES**

12      vs.                             1.  HARASSMENT IN VIOLATION OF THE FEHA
                                        2.  DISCRIMINATION IN VIOLATION OF FEHA
13  GALLETTI & SONS, INC., TURNER       3.  FAILURE TO TAKE ALL REASONABLE STEPS TO
    CONSTRUCTION COMPANY, DAVID             PREVENT DISCRIMINATION AND HARASSMENT
14  SANDOVAL, and Does 1 through 10, inclusive,  4.  FAILURE TO TAKE PROMPT CORRECTIVE
                                            ACTION TO REMEDIATE KNOWN HARASSMENT
15          Defendants.                     IN VIOLATION OF FEHA
                                        5.  RETALIATION
16                                      6.  INTENTIONAL INFLICTION OF EMOTIONAL
                                            DISTRESS

17          Plaintiff MELINDA GALARSA (hereinafter "GALARSA"), for her complaint against

18  Defendants GALLETTI & SONS, INC. (hereinafter "GALLETTI & SONS"), TURNER

19  CONSTRUCTION COMPANY, (hereinafter "TURNER CONSTRUCTION"), DAVID

20  SANDOVAL (hereafter "SANDOVAL"),   hereafter sometimes collectively referred to as

21  "Defendants," and DOES to 25, inclusive, hereafter sometimes collectively referred to as "Doe

22  Defendants," alleges as follows:

23

24                          **JURISDICTION AND VENUE**

25      1.      This Court has jurisdiction and venue, as the wrongful acts alleged herein occurred in

26  the city of Oakland, County of Alameda, State of California. Plaintiff is informed and believes, and

27  thereon alleges, that some of the defendants resided in Alameda County. The amount in controversy

28  exceeds those of the minimum jurisdiction of this court.

                                                                              1

**PARTIES**

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant GALLETTI & SONS, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of CALIFORNIA with places of business, among other locations, in Martinez, California.

3.    GALLETTI & SONS is a concrete subcontractor based in the bay area. GALLETTI & SONS does subcontracting concrete work throughout the bay area, including for TURNER CONSTRUCTION at the Oakland International Airport.

4.    GALLETTI & SONS was at all material times an employer within the meaning of California Government Code section 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in employment on the basis of sex or race or harassing employees on the basis of sex or race, as set forth in Government Code Section 12940, *et seq.*

5.    TURNER CONSTRUCTION is a general contractor based in Oakland, California, that oversees large construction projects throughout the bay area, including at the Oakland International Airport.

6.    TURNER CONSTRUCTION was at all material times an employer within the meaning of California Government Code section 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in employment on the basis of sex or race or harassing employees on the basis of sex or race, as set forth in Government Code Section 12940, *et seq.*

7.    Plaintiff GALARSA is an adult female and therefore a member of a protected class pursuant to the California Fair Employment and Housing Act (hereinafter "FEHA") and the regulations promulgated thereunder. At all times mentioned herein, she was a resident of California. From March 1998 through the present, Plaintiff has been an employee of Defendants GALLETTI &

2

1    SONS and Does 1 through 25. Plaintiff filed appropriate claims with the Department of Fair

2    Employment and Housing ("DFEH") and has received right-to-sue letters.

3          8.      Defendant SANDOVAL is an adult male. At all times herein mentioned, he was a

4    resident of California. At all times herein mentioned, Defendant SANDOVAL was a safety

5    manager, and supervisory employee of Defendants TURNER CONSTRUCTION and DOES 1 to 25.

6

7          9.      In doing the acts complained of herein, Defendant SANDOVAL acted individually

8    and as an agent of Defendants TURNER CONSTRUCTION and Does 1 to 25, and as such,

9    Defendants TURNER CONSTRUCTION and DOES 1 to 25 are liable for SANDOVAL's acts of

10   unlawful harassment and discrimination. Defendant SANDOVAL is personally liable for his acts of

11   unlawful harassment and discrimination pursuant to Government Code Section 12940(j)(3).

12         10.     The true names or capacities, whether individual, corporate, associate or otherwise, of

13   Defendants DOES 1 to 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants

14   by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the

15

16   Defendants designated herein as DOE is legally responsible in some manner (as the agent, partner

17   and/or employee of the co-defendant) for the events and happenings herein referred to and in doing

18   the actions mentioned below was acting individually and as an agent of Defendants GALLETTI &

19   SONS and TURNER CONSTRUCTION. Plaintiff will amend this Complaint to allege the true

20   names and capacities of such Defendants when they are ascertained.

21

22         11.     At all times relevant herein, each of the Defendants was the agent, employee,

23   supervisor, servant and joint venturer of each of the remaining Defendants and in doing the things

24   hereafter alleged, each Defendant was acting within the course, scope and authority of such agency,

25   employment and joint venture, and with the consent and permission of each of the other Defendants.

26   All actions of each Defendant alleged in the causes of action in which this paragraph is incorporated

27

28

                                                                                              3

1  by reference were ratified and approved by the officers and/or managing agents of every other

2  Defendant.

3
## FACTS ALLEGED

4
5  12.    Defendant SANDOVAL was at all relevant times the safety manager at TURNER

6  CONSTRUCTION and acted as a supervisory employee.

7  13.    Plaintiff began working for Defendant GALLETTI & SONS on or about March,

8  1998, first as a carpenter apprentice and later as a journeyman.

9  14.    Plaintiff was dispatched to work at the Oakland International Airport job site for

10  general contractor and Defendant TURNER CONSTRUCTION on or about November, 2004.

11  15.    During the course of her employment with GALLETTI & SONS, and her time

12  working as a contractor for TURNER CONSTRUCTION.    Plaintiff was not provided with a

13  sufficient sexual harassment policy nor was one distributed, and no training on the issue was

14
15  provided. As a result, Plaintiff suffered Harassment as set forth in part below.

16  16.    Between November, 2004, and April, 2006, Plaintiff was assigned to work at a jobsite

17  located at the Oakland International Airport. During this time, many employees of GALLETTI &

18  SONS and TURNER CONSTRUCTION engaged in the following sexually harassing and unlawful

19  conduct which is not intended to be exhaustive but merely to serve as examples:  Drawing a nude

20
21  picture of a woman intended to resemble Plaintiff, with large breasts and legs spread, on the wall of

22  a bathroom all employees used, next to a drawing of a nude male with an erect penis; regularly

23  asking Plaintiff out on dates even after she said no and otherwise indicated that the conduct was

24  unwelcome, multiple persons employed by Defendants staring at Plaintiff's breasts on a daily basis.

25  17.    Unlawfully based comments were made regularly, on a daily basis, and were severe

26  and pervasive. Plaintiff opposed these practices directly to the co-workers who engaged in these

27  activities on many occasion, as well as to Defendant SANDOVAL, her foreman, and her

28

4

1  superintendent, all of whom were managers employed by Defendants GALLETTI & SONS and/or

2  TURNER CONSTRUCTION.

3      18.    Despite Plaintiff's repeated complaints to Defendant SANDOVAL and others, the

4  harassing and unlawful conduct did not cease.

5      19.    On or about April, 2006, Defendant SANDOVAL told Plaintiff that he had been

6  sexually harassing Plaintiff as well. On this date Defendant SANDOVAL told Plaintiff that he and

7  other GALLETTI & SONS and TURNER CONSTRUCTIONS employees had been engaging in the

8  following sexually harassing and unlawful conduct:

9

10         a)  Calling Plaintiff "store bought" in reference to her breasts and because of a belief that

11             she had breast implants;

12         b)  On a daily basis, talking about Plaintiff's "ass" and "tits";

13         c)  On a daily basis, telling each other that they wanted to "fuck" Plaintiff; and

14         d)  Ogling Plaintiff on a daily basis.

15

16         e)  Additionally, throughout her employment at the Oakland Airport jobsite, Plaintiff was

17             propositioned, ogled, and on a daily basis had sexually based, unwelcome comments

18             made to her by Oakland Airport security personnel at the jobsite.

19      20.    Very upset, Plaintiff again reported this conduct, though it was open and obvious, to

20  GALLETTI & SONS and TURNER CONSTRUCTION.

21

22      21.    Plaintiff suffered adverse changes to the terms and conditions of her employment

23  when she opposed this conduct, and was subjected to further and increased harassing behavior and

24  was treated negatively in material ways by other employees and supervisors of Defendants and each

25  of them. Specifically, after opposing the unlawful conduct, Plaintiff was singled out for reprimand

26  for safety issues, which other people, who had not opposed unlawful conduct, were not reprimanded

27  for; Plaintiff was forced to wear additional safety gear that others were not required to wear; new

28

5

1  employees would tell Plaintiff the she "was the person everyone was talking about" in reference to

2  her having opposed unlawful conduct.

3
4
5

### FIRST CAUSE OF ACTION
### HARASSMENT IN VIOLATION OF THE FEHA
**(Brought by Plaintiff, Against Defendants, and Each of Them, for Violation of Government
Code Section 12940 *et seq.*)**

6  22.    The allegations set forth in Paragraphs 1 through 21, inclusive, are realleged by

7  Plaintiff and incorporated herein by reference as though fully set forth herein.

8
9  23.    Within the time provided by law, Plaintiff filed charges with the California

10  Department of Fair Employment and Housing ("DFEH"), in full compliance with these sections,

11  received a right-to-sue letter, and has commenced this action in a timely fashion.

12  24.    At all times herein mentioned Government Code sections 12940, *et* seq. ("FEHA"),

13  was in full force and effect and was binding on defendants.  These require defendants, among other

14  things, to refrain from discriminating against or harassing any employees on the basis of their status

15  in a protected classification.   Each Plaintiff was a member of at least one protected class under the

16  FEHA.
17

18  25.    The acts of defendants, and each of them, as described more fully above, constitute a

19  pattern and continuous course of harassment in violation of Government Code sections 12940 *et seq.*

20  in that they are severe and/or pervasive.

21  26.    As a direct and proximate result of the harassment against Plaintiff as described

22  above, Plaintiffs suffered special damages including, but not limited to, losses in earnings, bonuses,

23  deferred compensation, employment benefits, earning capacity, opportunities for employment

24  advancement and work experiences, and other damages to be proven at the time of trial.

25

26  27.    As a direct and proximate result of the unlawful conduct of defendants and each of

27  them, plaintiff has suffered general damages including but not limited to shock, embarrassment,

28

1  physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at

2  the time of trial.

3      28.    Defendant SANDOVAL committed the acts herein alleged maliciously, fraudulently

4  and oppressively with the wrongful intention of injuring plaintiff, from an improper and evil motive

5  amounting to malice, and in conscious disregard of the rights of plaintiff.  As a result of defendants'

6  willful, knowing and intentional discrimination against plaintiff, plaintiff seeks an award of punitive

7

8  and exemplary damages in an amount according to proof.

9                      **SECOND CAUSE OF ACTION**
       **DISCRIMINATION IN VIOLATION OF FEHA**
10  **(Brought by Plaintiff Against All Defendants, and Each of Them, for Discrimination in**
          **Violation of Government Code Section 12940 et seq.)**
11

12      29.    The allegations set forth in paragraphs 1 through 28, inclusive, are realleged and

13  incorporated herein by reference as though fully set forth herein.

14      30.    Within the time provided by law, Plaintiff filed charges with the DFEH, in full

15  compliance with these sections, received right-to-sue letters, and has commenced this action in a

16

17  timely manner.

18      31.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of

19  them, discriminated against Plaintiff, as set forth above, in the terms and conditions of employment

20  on the basis of her status in a protected classification as defined by the FEHA.

21      32.    As a direct and proximate result of the unlawful conduct of Defendants and each of

22  them, Plaintiff has suffered special damages including but not limited to past and future loss of

23  income, benefits, medical expenses, and other damages to be proven at time of trial.

24

25      33.    As a direct and proximate result of the unlawful conduct of Defendants and each of

26  them, Plaintiffs have suffered general damages including but not limited to shock, embarrassment,

27  physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at

28  the time of trial.

7

1      34.    Plaintiff is informed and believes, and thereon alleges that Defendants and each of

2  them committed the acts herein alleged maliciously, fraudulently, and oppressively in conscious

3  disregard for Plaintiff's rights.  Plaintiff is entitled to recover punitive damages from each in an

4  amount according to proof.

5      35.    As a direct and proximate result of the unlawful conduct of Defendants and each of

6  them, Plaintiff was forced to retain an attorney in order to protect their rights.  Accordingly, Plaintiff

7

8  seeks the reasonable attorneys fees incurred in this litigation in an amount according to proof at trial.

9
### THIRD CAUSE OF ACTION
**FAILURE TO TAKE ALL REASONABLE STEPS**
10  **TO PREVENT DISCRIMINATION AND HARASSMENT**
**(Against Defendants, GALLETTI & SONS, TURNER CONSTRUCTION, and DOES 1-25, for**
11  **Violation of Government Code Section 12940, et seq.**

12      36.    The allegations set forth in Paragraphs 1 through 35, inclusive, are realleged and

13  incorporated herein by reference as though fully set forth herein.

14

15      37.    Plaintiff is informed, believes, and therefore alleges that defendants GALLETTI &

16  SONS, TURNER CONSTRUCTION, and DOES 1 to 25, and their supervisors, agents, and officers,

17  as the employer and/or managing agents and/or supervisors of plaintiff, had a duty to take

18  affirmative steps to prevent discrimination and harassment from occurring in the workplace.

19      38.    Plaintiff is informed, believes, and thereon alleges that defendants GALLETTI &

20  SONS, TURNER CONSTRUCTION, and DOES 1-25, their supervisors, agents, and officers, failed

21  to take reasonable steps necessary to prevent discrimination, harassment, and retaliation from

22

23  occurring in the workplace.

24      39.    Plaintiff is informed, believes, and therefore alleges that defendants GALLETTI &

25  SONS, TURNER CONSTRUCTION, and DOES' 1 to 25   discrimination, harassment, and/or

26  retaliation against them resulted from these defendants' failure to take prompt and appropriate

27  remedial measures to prevent discrimination and/or harassment from occurring in the workplace.  As

28

8

1    such, defendants GALLETTI & SONS, TURNER CONSTRUCTION,  and DOES 1 to 25 violated

2    FEHA's mandate to take all reasonable steps to prevent discrimination and/or harassment from

3    occurring in the workplace.

4        40.    As a direct and proximate result of the unlawful conduct of defendants and each of

5    them, Plaintiff has suffered special damages including but not limited to past and future loss of

6    income, benefits, medical expenses, and other damages to be proven at time of trial.

7

8        41.    As a direct and proximate result of the unlawful conduct of defendants and each of

9    them, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

10   physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at

11   the time of trial.

12

13       42.    Plaintiff is informed and believes, and thereon alleges that defendants and each of

14   them committed the acts herein alleged maliciously, fraudulently and oppressively in conscious

15   disregard for plaintiff's rights.  Plaintiff is entitled to recover punitive damages from each in an

16   amount according to proof.

17       43.    As a direct and proximate result of the unlawful conduct of defendants and each of

18   them, plaintiff was forced to retain an attorney in order to protect their rights.  Accordingly, plaintiff

19   seeks the reasonable attorneys fees incurred in this litigation in an amount according to proof at trial.

20       WHEREFORE Plaintiff prays for judgment as set forth below

21

22                          **FOURTH CAUSE OF ACTION**
         **FAILURE TO TAKE PROMPT CORRECTIVE ACTION TO REMEDIATE KNOWN**

23                   **HARASSMENT IN VIOLATION OF FEHA**
                      **(California Government Code § 12940, et seq.)**

24          **(Against Defendants GALLETTI & SONS, TURNER CONSTRUCTION,**
                              **and DOES 1 to 25)**

25

26       44.    The allegations set forth in Paragraphs 1 through 43, inclusive, are realleged and

27   incorporated herein by reference as though fully set forth herein.

28   ///

                                                                                          9

45.    Plaintiff is informed, believes, and therefore alleges that defendants GALLETTI & SONS, TURNER CONSTRUCTION, and DOES 1 to 25, their supervisors, agents, and officers, as the employer and/or managing agents and/or supervisors of plaintiffs, had a duty to take prompt corrective action to remediate harassment which was known and/or should have been known.

46.    Plaintiff is informed, believes, and thereon alleges that defendants GALLETTI & SONS, TURNER CONSTRUCTION, and DOES 1 to 25, their supervisors, agents, and officers, failed to take prompt corrective action to know harassment in the workplace, and that such failure resulted in further harassment and retaliation as set forth above.

47.    Plaintiff is informed, believes, and therefore alleges that defendants GALLETTI & SONS', TURNER CONSTRUCTION's, and DOES' 1 to 25 discrimination and/or harassment against her resulted from these defendants failure to take prompt and appropriate remedial measures to prevent discrimination and/or harassment from occurring in the workplace. As such, defendants GALLETTI & SONS, TURNER CONSTRUCTION, and DOES 1 to 25 violated FEHA's mandate to take prompt corrective action to remedy known discrimination.

48.    As a direct and proximate result of the unlawful conduct of defendants and each of them, plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

49.    As a direct and proximate result of the unlawful conduct of defendants and each of them, plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

///

///

///

10

50.     Plaintiff is informed and believes, and thereon alleges that defendants and each of them committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for plaintiff's rights. Plaintiff is entitled to recover punitive damages from each in an amount according to proof.

51.     As a direct and proximate result of the unlawful conduct of defendants and each of them, plaintiff was forced to retain an attorney in order to protect their rights. Accordingly, plaintiff seeks the reasonable attorneys fees incurred in this litigation in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### RETALIATION
**(Against All Defendants, and Each of Them,
for Retaliation in Violation of Government Code Section 12940(h))**

52.     The allegations set forth in paragraphs 1 through 51, inclusive, are realleged and incorporated herein by reference as though fully set forth herein.

53.     Within the time provided by law, plaintiff filed charges with the DFEH, in full compliance with these sections, received right-to-sue letters, and has commenced this action in a timely manner.

54.     At all times herein mentioned, Government Code section 12940(h) was in full force and effect and was binding on defendants. This section provides that it is an unlawful practice for any employer or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden by the Fair Employment and Housing Act ("FEHA") or because the person has filed a complaint, testified or assisted in any proceeding.

55.     After plaintiff reported her allegations of harassment and discrimination to Defendant SANDOVAL and other managers, defendants retaliated against plaintiff in the following ways: 1) continuing to engage in the harassing and discriminatory conduct; 2) continuing to employ Plaintiff's harassing coworkers; and 3) transferring Plaintiff to a different work location.

11

56.    As a direct and proximate result of the unlawful conduct of defendants and each of them, plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

57.    As a direct and proximate result of the unlawful conduct of defendants and each of them, plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

58.    Defendants committed the acts herein alleged maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of plaintiff. Such conduct was also authorized and/or ratified by an owner, officer, director or managing agent of defendants. In light of defendants' willful, knowing and intentional discrimination against plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

59.    As a direct cause of the acts alleged above, plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b) Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants, and Does 1 to 25, and Each of Them)

60.    The allegations set forth in paragraphs 1 through 59, inclusive, are realleged and incorporated herein by reference as though fully set forth herein.

/ / /

12

61.    Defendants' conduct alleged herein was intentional, outrageous, malicious, and committed for the purpose of causing plaintiff to suffer humiliation, mental anguish, and severe physical and emotional distress.

62.    As a direct and proximate result of Defendants' conduct as herein above alleged, Plaintiff was injured in her strength, health, and activity, sustaining shock and injury to her nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to her damage in an amount in excess of the minimum subject matter jurisdiction of this court and according to proof.

63.    As a direct and proximate cause of the conduct alleged herein, plaintiff has suffered and continues to suffer losses in earnings, bonuses, deferred compensation, employment benefits and earning capacity, opportunities for employment advancement, embarrassment, humiliation, mental anguish and distress, all to her damage in excess of the minimum subject matter jurisdiction of this Court and according to proof.

64.    The acts of defendants alleged above were done maliciously, oppressively, and/or fraudulently.    Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages as to all causes of action;

2.    For punitive damages as to all causes of action;

3.    For an award of interest, including prejudgment interest, at the legal rate;

4.    For an award of attorneys' fees as allowed under Causes of Action 1 through 4

5.    For costs of suit incurred;

///

13

1    6.    For injunctive and declaratory relief; and

2    7.    For such other and further relief as the court deems appropriate.

3    Dated:  March 19, 2007

4                                      WINER, McKENNA & DAVIS

5

6                              BY: _____

7                                      EMILE A. DAVIS,
                                       Attorney for Plaintiff,
8                                      MELINDA GALARSA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                              14

| | |
|---|---|
| *Attorney or Party without Attorney:* <br> · Emile A. Davis, Esq.-SBN 208394 <br> · Winer, McKenna & Davis, LLP <br> · One Kaiser Plaza, Suite 1450 <br> Oakland, CA 94612 <br> *Attorney for:* Plaintiff | *Telephone No.:* (510) 433-1000 <br><br> *Ref. No. or File No.:* |

```
*5521326*
```

**FILED**
**ALAMEDA COUNTY**

APR 2 3 2007

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA SUPERIOR COURT - OAKLAND BRANCH

*Plaintiff:* MELINDA GALARSA
*Defendant:* GALLETTI & SONS, INC., et al.

| PROOF OF SERVICE <br> (Summons And Complaint) | *Hearing Date:* | *Time:* | *Dept/Div* | *Case Number:* <br> RG07316544 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 Years of age and not a party to this action.*

2. **I served copies** *of the:*
   Summons And Complaint

3. a. *Party Served:*  GALLETTI & SONS , INC. (Defendant)

   b. *Person Served:*  JOHN O. GALLETTI, AUTHORIZED AGENT

4. *Address where the party was served:*  55 HOWE ROAD
   MARTINEZ, CA 94553

5. *I served the party:*
   b. **by substituted service** on: Thu, Mar. 29, 2007 at: 3:00PM I left the documents listed in item 2 with or in the presence of:
      KIMBERLY GALLAGHER, HUMAN RESOURCES ASSISTANT
      **(1) (business)** Person in Charge over 18. I informed him or her of the general nature of the papers.

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   c. on behalf of: GALLETTI & SONS, INC.
      Under CCP 416.10 (corporation)

7. *Person who served the papers:*      Recoverable Costs Per CCP 1033.5(a)(4)(B)
   a. DAMON PULIDO                    d. **The Fee** *for service was:* $129.00
   **b. MUSTANG PROCESS SERVICE**     e. I am: (3) Registered California process server.
      459 WASHBURN DRIVE                 *(i) Employee*
      FREMONT, CA 94536                  *(ii) Registration No.:* 672
   c. (510) 754-0888                     *(iii) County:* CONTRA COSTA

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Mar. 29, 2007

   *Judicial Council Form POS-010*
   *Rule 982.9. (a)&(b) Rev Jan. 01,2007*     **PROOF OF SERVICE** *(DAMON PULIDO)*     *MUSTANG.107574*

Emile A. Davis, Esq.-SBN 208394
Winer, McKenna & Davis, LLP
One Kaiser Plaza, Suite 1450
Oakland, CA 94612
(510) 433-1000
Attorney for: Plaintiff

## SUPERIOR COURT OF CALIFORNIA
## IN AND FOR THE COUNTY OF ALAMEDA

MELINDA GALARSA
    Plaintiff,

vs.

GALLETTI & SONS, INC., et al.
and Does 1 through 10 inclusive
    Defendant(s)
                          /

CASE NO: RGO7316544

**DECLARATION OF SERVICE
BY MAIL**

I, Teresa A. Rowland, declare that:

I am employed in the County of Alameda, California. I am over the age of

eighteen years and not a party to the within cause; my business address is 459 Washburn

Drive, Fremont, CA 94536. I served the within Summons & Complaint;

by personally mailing a copy to:

        **GALLETTI & SONS, INC.**
        **Attn: John O. Galletti-Agent for Service**
        **55 Howe Road**
        **Martinez, CA 94553**

I deposited the envelope @ 4:00 pm on April 4, 2007 from Fremont,

CA .

I declare under penalty of perjury that the foregoing is true and correct and

that this declaration was executed on April 5, 2007 at Fremont, California.

Teresa Rowland
Mustang Process Service
459 Washburn Drive
Fremont, CA 94536
(510) 754-0888
San Mateo Co. #224

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
A. Davis, Esq.-SBN 208394
Winer, McKenna & Davis, LLP
One Kaiser Plaza, Suite 1450
Oakland, CA 94612
TELEPHONE NO.: (510) 433-1000    FAX NO. *(Optional):* (510) 433-1001
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

FOR C**
**\*5521332\***

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Civil

# FILED
## ALAMEDA COUNTY
### APR 2 3 2007
CLERK OF THE SUPERIOR COURT
By_____Aida J. Lemos____
Deputy

PLAINTIFF/PETITIONER: MELINDA GALARSA

DEFENDANT/RESPONDENT: GALLETTI & SONS, INC.

CASE NUMBER:
RG07316544

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      TURNER CONSTRUCTION COMPANY

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Ct Corporation System/Agent for Service, By serving Bjorn Flor, Authorized Agent for CT Corp.

4. Address where the party was served:
   818 West Seventh Street, Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* 3/30/07          (2) at *(time):* 12:05 pm
   b. [ ]  **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: MELINDA GALARSA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GALLETTI & SONS, INC. | RG07316544 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                   (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Turner Construction Company
     under the following Code of Civil Procedure section:

     ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                           ☐ other:

7. **Person who served papers**
  a. Name: April Anderson
  b. Address: Mustang Process Service, 459 Washburn Drive, Fremont, CA 94536
  c. Telephone number: (510) 754-0888
  d. The fee for service was: $129.00 (Los Angeles Co.)
  e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ a registered California process server:
         (i) ☐ owner  ☐ employee  ☑ independent contractor
         (ii) Registration No.: 4626
         (iii) County: Los Angeles

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  *or*

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 30, 2007

April Anderson
[NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL]                    ▶ /                    [SIGNATURE]

# EXHIBIT B

*5510407*

1  MICHAEL T. LUCEY (SBN: 099927)
   PAULA KUTANSKY-BROWN (SBN: 245342)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  GALLETTI & SONS, INC.

7

FILED
ALAMEDA COUNTY

07 APR 24 AM 11: 03

8          SUPERIOR COURT OF CALIFORNIA - COUNTY OF ALAMEDA

9

10

11  MELINDA GALARSA,                    )   CASE NO. RG07316544
                                        )
12                      Plaintiff,      )   **DEFENDANT'S ANSWER TO**
                                        )   **PLAINTIFF'S COMPLAINT**
13        vs.                           )
                                        )
14  GALLETTI & SONS, INC., TURNER       )   **BY FAX**
    CONSTRUCTION COMPANY, DAVID         )
15  SANDOVAL, and DOES 1 through 10,    )
    inclusive,                          )
16                                      )
                        Defendants.     )
17

18        Defendant GALLETTI & SONS, INC. answers Plaintiff's Complaint as follows:

19                              **GENERAL DENIAL**

20        In answer to the Complaint, and each cause of action thereof, Defendant denies each and

21  every allegation of Plaintiff's complaint pursuant to Code of Civil Procedure section 431.30

22  subdivision (d), and specifically denies that Plaintiff has been damaged in any sum, or at all, by

23  reason of any act or omission on the part of Defendants.

24                            **AFFIRMATIVE DEFENSES**

25  / / /

26  / / /

27  / / /

28  / / /

-1-

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action are barred in whole or in part, to the extent that she has failed to exhaust her available administrative remedies as required by law.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Claims for Relief)

The Complaint and each of the purported cause of action set forth therein fail to state facts sufficient to constitute a cause of action or claims for relief.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith and Good Cause)

Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and motivated solely by non-discriminatory, legitimate considerations.

## FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

This action may be barred, Defendant's liability may be limited, and/or damages may be unavailable or reduced by after-acquired evidence.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed adequately to mitigate her damages, or to mitigate her damages at all, and thus is barred from recovering such damages, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from proceeding with this claim and/or has waived her rights to proceed with this claim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption by Workers' Compensation)

The exclusive remedy for the damages Plaintiff seeks is provided by the Workers'

-2-

1  Compensation Act, California Labor Code section 3200, et seq.

2  ## EIGHTH AFFIRMATIVE DEFENSE

3  **(Plaintiff Failed to Take Advantage of Preventative or Corrective Opportunities)**

4      Plaintiff's causes of action and claims for damages are barred in whole or in part because

5  Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory

6  behavior, and Plaintiff unreasonably failed to take advantage of the preventative or remedial

7  mechanisms for reporting and resolving claims, or to otherwise avoid harm.

8  ## NINTH AFFIRMATIVE DEFENSE

9  **(Scope of Administrative Charges)**

10      The Court lacks subject matter jurisdiction over all claims and allegations in the

11  complaint that are not contained in, exceed or differ from Plaintiff's charge of discrimination

12  filed with the DFEH and/or the EEOC.

13  ## TENTH AFFIRMATIVE DEFENSE

14  **(Set-Off)**

15      Defendant is entitled to set-off of any benefits Plaintiff receives or has received from

16  workers' compensation, unemployment compensation, and from any benefit plans of Defendant

17  or other employers, for injuries or damages alleged, against any award of damages to Plaintiff in

18  this action.

19  ## ELEVENTH AFFIRMATIVE DEFENSE

20  **(Statute of Limitations)**

21      Each of Plaintiff's claims is barred by the applicable statute of limitations, including, but

22  not limited to Code of Civil procedure, section 337 et seq., 339 et seq., and 340 et seq., and

23  Government Code, sections 12940, 12960 and 12965.

24  ## TWELFTH AFFIRMATIVE DEFENSE

25  **(Failure to Use Process)**

26      Plaintiff unreasonably failed to make use of employer-provided remedies, policies and

27  procedures designed to prevent and eliminate discrimination and it is more likely than not that at

28  least some of Plaintiff's damages, if any there were, would have been avoided by reasonable use

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

1  of these internal procedures.

2  <u>**PRAYER AND REQUEST FOR COSTS AND ATTORNEY'S FEES**</u>

3  Defendant alleges that it may have other separate and additional defenses of which it is

4  not presently aware and reserves the right to amend this Answer to assert such defenses as they

5  become apparent.

6  WHEREFORE, Defendant prays for judgment as follows:

7  1.  That Plaintiff takes nothing by reason of her Complaint, and the Complaint be

8  dismissed with prejudice;

9  2.  For attorney's fees; and for costs of suit.

10  3.  For interest and all sums provided by law; and

11  4.  For such other and further relief as this Court deems just and proper.

12

13  Dated: April 20, 2007                    GORDON & REES LLP

14

15                                     By:
16                                          PAULA KUTANSKY-BROWN
                                            Attorneys for Defendant
17                                          GALLETTI & SONS, INC.

18

19

20

21

22

23

24

25

26

27

28

1   MELINDA GALARSA v. GALLETTI & SONS, INC., et al.
    ALAMEDA COUNTY SUPERIOR COURT CASE NO. RG07316544
2   PROOF OF SERVICE

3       I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action. My business address is: Embarcadero Center West, 275 Battery Street,
4   Suite 2000, San Francisco, CA 94111. On April 20, 2007, I served the within documents:

5       1. Defendant's Answer to Complaint

6       by transmitting via facsimile the document(s) listed above to the fax number(s) set
        forth below on this date before 5:00 p.m.
7       
    [X] by placing the document(s) listed above in a sealed envelope with postage thereon
8       fully prepaid, in United States mail in the State of California at San Francisco,
        addressed as set forth below.

9       by causing to be personally delivered by First Legal Support Services the document(s)
        listed above to the person(s) at the address(es) set forth below.
10      
        by placing a true copy thereof enclosed in a sealed envelope, at a station designated
11      for collection and processing of envelopes and packages for overnight delivery by
        FedEx as part of the ordinary business practices of Gordon & Rees LLP described
12      below, addressed as follows:

13          PLAINTIFF'S COUNSEL

14          Emile A. Davis, Esq.
            Winer, McKenna & Davis, LLP
15          The Ordway Building
            One Kaiser Plaza, Suite 1450
16          Oakland, CA 94612
            Ph: (510) 433-1000
17          Fax: (510) 433-1001

18      I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
19  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
20  meter date is more than one day after the date of deposit for mailing in affidavit.

21      I declare under penalty of perjury under the laws of the State of California that the above
    is true and correct.
22

23      Executed on April 20, 2007, at San Francisco, California.

24

25                                          Eileen Oertel

26

27

28

MN:TR:1044742/1199973v.1

# EXHIBIT C

1    SEYFARTH SHAW LLP
     William J. Dritsas (State Bar No. 097523)

2    Andrew M. McNaught (State Bar No. 209093)
     560 Mission Street, Suite 3100

3    San Francisco, California 94105
     Telephone: (415) 397-2823

4    Facsimile: (415) 397-8549

5    Attorneys for Defendant
     TURNER CONSTRUCTION COMPANY

6

7

8

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 3 0 2007

**CLERK OF THE SUPERIOR COURT**
By _____
                           Deputy

9                      SUPERIOR COURT OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11    MELINDA GALARSA,                )    Case No. RG07316544

12            Plaintiff,        )    **DEFENDANT TURNER
                                   )    CONSTRUCTION COMPANY'S**

13        vs.                    )    **ANSWER TO PLAINTIFF'S
                                   )    UNVERIFIED COMPLAINT**

14    GALLETTI & SONS, INC., TURNER  )
     CONSTRUCTION COMPANY, DAVID  )

15    SANDOVAL, and DOES 1 through 10,  )
     Inclusive,                    )

16            Defendants.      )           **BY FAX**

17                                      )

18          Defendant TURNER CONSTRUCTION COMPANY ("Defendant"), hereby responds to

19    the allegations set forth in Plaintiff MELINDA GALARSA'S ("Galarsa" or "Plaintiff")

20    unverified Complaint for Damages ("Complaint") as follows:

21                           **GENERAL DENIAL**

22        1.      Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies

23    generally and specifically every material allegation in the Complaint. In addition, Defendant

24    denies it violated any laws, or that it is liable in any way with respect to Galarsa's purported

25    causes of action. Similarly, Defendant denies it injured Galarsa or any other person Galarsa

26    purports to represent, or that Galarsa or any other person she purports to represent is entitled to

27    damages or to any other kind of relief in connection with this case. As separate defenses to each

28

1    of the purported causes of action contained in the Complaint, Defendant further alleges as

2    follows:

3    **FIRST SEPARATE DEFENSE**

4    (Failure to State a Cause of Action -- all Causes of Action)

5    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state

6    facts sufficient to constitute a cause of action upon which any relief may be granted.

7    **SECOND SEPARATE DEFENSE**

8    (Statute of Limitations -- all Causes of Action)

9    Plaintiff's purported causes of action are barred by the applicable statutes of limitations,

10    including, but not limited to, California Code of Civil Procedure §§ 335.1, 337(1), 338(a),

11    339(1), and California Government Code §§ 12960 and 12965.

12    **THIRD SEPARATE DEFENSE**

13    (Workers' Compensation Preemption -- all Causes of Action)

14    Any and all claims by Plaintiff based in whole or in part upon any alleged physical or

15    emotional injury or distress to Plaintiff, are barred and preempted by the exclusivity provisions

16    of the California Workers' Compensation Act. (Labor Code §§ 3200 et seq.).

17    **FOURTH SEPARATE DEFENSE**

18    (Ratification -- all Causes of Action)

19    Plaintiff's purported causes of action are barred in whole or in part to the extent that any

20    conduct attributable to Defendant was ratified by Plaintiff.

21    **FIFTH SEPARATE DEFENSE**

22    (Waiver -- all Causes of Action)

23    Plaintiff's purported causes of action are barred in whole or in part by the doctrine of

24    waiver.

25    **SIXTH SEPARATE DEFENSE**

26    (Equitable Estoppel -- all Causes of Action)

27    Plaintiff's purported causes of action are barred in whole or in part by Plaintiff's own

28    improper conduct, acts or omissions, and therefore, she is equitably estopped from recovering on

2

1 | any of her claims.

2 | **SEVENTH SEPARATE DEFENSE**

3 | (Unclean Hands -- all Causes of Action)

4 | Plaintiff's purported causes of action are barred in whole or in part by the doctrine of

5 | unclean hands.

6 | **EIGHTH SEPARATE DEFENSE**

7 | (Failure to Mitigate Damages -- all Causes of Action)

8 | Plaintiff is not entitled to back pay and/or other damages, to the extent that she failed to

9 | seek and obtain other employment and/or otherwise failed to mitigate her alleged loss of wages

10 | or other damages.

11 | **NINTH SEPARATE DEFENSE**

12 | (Good Cause -- all Causes of Action)

13 | Legal and good cause for Defendant's actions existed pursuant to law.

14 | **TENTH SEPARATE DEFENSE**

15 | (Good Faith -- all Causes of Action)

16 | Defendant acted reasonably and in good faith at all times material herein based on all

17 | relevant facts and circumstances known by Defendant.

18 | **ELEVENTH SEPARATE DEFENSE**

19 | (Legitimate Non-Discriminatory/Retaliatory Factors – First through Fifth Causes of Action)

20 | Plaintiff's purported causes of action are barred in whole or in part because all actions

21 | undertaken by Defendant were based on legitimate and non-discriminatory, non-retaliatory

22 | business reasons, purposes, or necessity.

23 | **TWELFTH SEPARATE DEFENSE**

24 | (Privilege or Justification -- all Causes of Action)

25 | Plaintiff's purported causes of action are barred because any actions and/or omissions

26 | attributable to Defendant were at all times privileged or justified.

27

28

3

1

2

### THIRTEENTH SEPARATE DEFENSE

(No Punitive Damages -- all Causes of Action)

Plaintiff is not entitled to recover any punitive or exemplary damages, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294. Plaintiff's claim for punitive damages is further barred because it violates the due process clauses of the California Constitution and the Constitution of the United States of America.

### FOURTEENTH SEPARATE DEFENSE

(After Acquired Evidence – all Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### FIFTEENTH SEPARATE DEFENSE

(Management Discretion – all Causes of Action)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest reason.

### SIXTEENTH SEPARATE DEFENSE

(Attorneys' Fees - all Causes of Action)

Plaintiff knew or should have known that the Complaint, and each of the causes of action alleged therein, is without any reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. As a result of Plaintiff's filing of this lawsuit, Defendant has been required to obtain the services of the undersigned attorneys and has and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure § 128.5.

4

## SEVENTEENTH SEPARATE DEFENSE

(Claims Outside of DFEH Complaint - First through Fifth Causes of Action)

To the extent Plaintiff asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code section 12965, the Court lacks jurisdiction with respect to these claims, and they must therefore be dismissed.

## EIGHTEENTH SEPARATE DEFENSE

(Time Barred Allegations Barred - First though Fifth Causes of Action)

To the extent Plaintiff's FEHA claims rely on allegations of events which occurred more than one year prior to the date on which Plaintiff filed her DFEH complaint, such claims are time-barred. (Government Code § 12960).

## NINETEENTH SEPARATE DEFENSE

(Prompt Remedial Action - all Causes of Action)

To the extent Plaintiff complained of any unlawful conduct, prompt remedial action was taken.

## TWENTIETH SEPARATE DEFENSE

(Plaintiff's Failure to File Timely Administrative Charge – First though Fifth Causes of Action)

Plaintiff's causes of action are barred in whole or in part to the extent she failed to file a proper charge with an appropriate administrative agency within the required legal deadlines, including but not limited to the deadlines under Government Code §§ 12940 *et seq*.

## TWENTY-FIRST SEPARATE DEFENSE

(No Intentional or Reckless Conduct – Sixth Cause of Action)

Defendant engaged in no intentional or reckless conduct which would justify a claim for intentional infliction of emotional distress.

## TWENTY-SECOND SEPARATE DEFENSE

(Failure to Utilize Preventative or Corrective Opportunities – First - Fifth Causes of Action)

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, or retaliatory

5

1 | conduct, and Plaintiff unreasonably failed to take advantage of the preventative or remedial

2 | mechanisms for reporting and resolving claims, or to otherwise avoid harm.

3 | ### TWENTY-THIRD SEPARATE DEFENSE

4 | (Plaintiff's Failure to Exhaust Internal Grievance Procedures – All Causes of Action)

5 | Plaintiff's causes of action are barred in whole or in part to the extent she failed to

6 | exhaust available internal dispute-resolution and grievance procedures under the applicable

7 | Collective Bargaining Agreement before filing the Complaint.

8 | ### TWENTY-FOURTH SEPARATE DEFENSE

9 | (LMRA Section 301(a) Preemption – Sixth Cause of Action)

10 | Plaintiff's Sixth Cause of Action is barred because it is preempted under § 301(a) of the

11 | LMRA, 29 § U.S.C. 185(a).

12 | ### ADDITIONAL DEFENSES

13 | Defendant presently has insufficient knowledge or information upon which to form a

14 | belief whether there may be additional, as yet unstated, defenses and reserve the right to assert

15 | additional defenses in the event that discovery indicates that such defenses are inappropriate.

16 | WHEREFORE, Defendant prays as follows:

17 | 1.    That Plaintiff take nothing by her Complaint and that the Complaint be dismissed

18 | with prejudice;

19 | 2.    For costs of suit and reasonable attorneys' fees incurred herein; and

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

6

1   3.  For such other and further relief as this Court deems proper.

2

3 DATED: April 30th 2007

4               SEYFARTH SHAW LLP

5

6               By _____

                 William J. Dritsas

7                Andrew M. McNaught

8               Attorneys for Defendant

                TURNER CONSTRUCTION COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 SF1 28282605.1 / 36891-000007

7

1

**PROOF OF SERVICE**

2         I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,

3  San Francisco, California 94105. On April 30, 2007, I served the within document(s):

4      **DEFENDANT TURNER CONSTRUCTION COMPANY'S ANSWER TO**
      **PLAINTIFF'S UNVERIFIED COMPLAINT**

5

6  ☐    I sent such document from facsimile machine (415) 397-8549 on April 30,
          2007. I certify that said transmission was completed and that all pages were

7          received and that a report was generated by facsimile machine (415) 397-8549
          which confirms said transmission and receipt. I, thereafter, mailed a copy to

8          the interested party(ies) in this action by placing a true copy thereof enclosed in
          sealed envelope(s) addressed to the parties listed below.

9

10  ☒    by placing the document(s) listed above in a sealed envelope with postage
          thereon fully prepaid, in the United States mail at , California addressed as set
          forth below.

11

12  ☐    by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.

13  ☐    by placing the document(s) listed above, together with an unsigned copy of this
          declaration, in a sealed Federal Express envelope with postage paid on account

14          and deposited with Federal Express at , California, addressed as set forth below.

15  ☐    by transmitting the document(s) listed above, electronically, via the e-mail
          addresses set forth below.

16

17  Emile A. Davis                   Michael T. Lucey
     Jennifer S. Prusak              Paula Kutansky-Brown

18  WINER, MCKENNA & DAVIS, LLP    GORDON & REES LLP
     The Ordway Building           Emarcadero Center West

19  One Kaiser Plaza, Ste. 1450       275 Battery St., Ste. 2000
     Oakland, CA 94612            San Francisco, CA 94111

20  Tel: (510) 433-1000 / Fax: (51) 433-1001    Tel: (415) 986-5900 / Fax: (415) 986-8054

21  Attorney for Plaintiff MELINDA
     GALARSA                      Attorneys for GALLETTI & SONS, INC.

22

23        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

24  motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than on day after the date of deposit for mailing in affidavit.

25

26        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

27      Executed on April 30, 2007, at , California.

28

                                       JESSICA E. LIBBEY

SF1 28282877.1 / 36891-000007

1

**PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,
3   San Francisco, California 94105.  On April 30, 2007, I served the within document(s):

4   **DEFENDANT TURNER CONSTRUCTION COMPANY'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; AND**

5

**CIVIL CASE COVER SHEET**

6

7   ☐   I sent such document from facsimile machine (415) 397-8549 on April 30,
2007.  I certify that said transmission was completed and that all pages were
8   received and that a report was generated by facsimile machine (415) 397-8549
which confirms said transmission and receipt.  I, thereafter, mailed a copy to
9   the interested party(ies) in this action by placing a true copy thereof enclosed in
sealed envelope(s) addressed to the parties listed below.

10

11   ☒   by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at , California addressed as set
forth below.

12

13   ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14   ☐   by placing the document(s) listed above, together with an unsigned copy of this
15   declaration, in a sealed Federal Express envelope with postage paid on account
and deposited with Federal Express at , California, addressed as set forth below.

16   ☐   by transmitting the document(s) listed above, electronically, via the e-mail
addresses set forth below.
17

18   Emile A. Davis                                         Michael T. Lucey
Jennifer S. Prusak                                    Paula Kutansky-Brown
19   WINER, MCKENNA & DAVIS, LLP             GORDON & REES LLP
The Ordway Building                                Emarcadero Center West
20   One Kaiser Plaza, Ste. 1450                     275 Battery St., Ste. 2000
Oakland, CA 94612                                  San Francisco, CA 94111
21   Tel: (510) 433-1000 / Fax: (51) 433-1001   Tel: (415) 986-5900 / Fax: (415) 986-8054

22   Attorney for Plaintiff MELINDA
GALARSA                                             Attorneys for GALLETTI & SONS, INC.

23       I am readily familiar with the firm's practice of collection and processing correspondence
24   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
25   motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than on day after the date of deposit for mailing in affidavit.

26       I declare under penalty of perjury under the laws of the State of California that the above
27   is true and correct.

28       Executed on April 30, 2007, at , California.


                                            JESSICA E. LIBBEY